1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   JESSE OLLER ABAD,                    )      No. CV 15-3237-AGR
                                          )
12                   Plaintiff,           )
                                          )      MEMORANDUM OPINION AND
13                                        )      ORDER
                                          )
14        v.                              )
                                          )
     CAROLYN W. COLVIN,                    )
15   Commissioner of Social Security      )
                                          )
16                   Defendant.           )
     ─────────────────────────────────── )
17

18        Plaintiff Jesse Oller Abad filed this action on April 30, 2015.  Pursuant to 28

19   U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt.

20   Nos. 11, 15.)  On November 25, 2015, the parties filed a Joint Stipulation ("JS") that

21   addressed the disputed issues.  The court has taken the matter under submission

22   without oral argument.

23        Having reviewed the entire file, the court affirms the decision of the

24   Commissioner.

25

26

27

28

**I.**

**PROCEDURAL BACKGROUND**

On February 8, 2011, Abad filed an application for disability insurance benefits that alleged an onset date of December 18, 2009.  Administrative Record ("AR") 43.  The application was denied.  AR 43, 90.  Abad requested a hearing before an Administrative Law Judge (ALJ).  AR 98.  On June 12, 2012, the ALJ conducted a hearing at which Abad and a vocational expert ("VE") testified.  AR 68-89.  On October 24, 2012, the ALJ issued a decision denying benefits.  AR 40-63.  On February 1, 2014, the Appeals Council denied the request for review.  AR 22-26.

Abad filed an action in this court.  On September 24, 2014, the court ordered that the action be remanded to the Commissioner based upon the parties' stimulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  *See Abad v. Colvin*, CV 14-2453 (C.D. Cal. 2014) (Dkt. Nos. 14-15).  Pursuant to the parties' stipulation, the Appeals Council on remand was to consider the evidence presented after the ALJ's decision and make clear in the record that the Appeals Council considered this evidence when determining whether to deny the request for review.  *Id.* (Dkt. No. 13).  On remand, the Appeals Council denied the request for review on April 2, 2015.  AR 1-5.  This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether

substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.

### DISCUSSION

#### A.   Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

#### B.   The ALJ's Findings

The ALJ found that Abad met the insured status requirements through December 31, 2014. AR 59. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Abad has the severe impairments of chronic cervical and lumbar sprain/strains. His impairments do not meet or equal a listing. Abad has the residual functional capacity ("RFC") to perform light work. He can lift or carry 10 pounds frequently and 20 pounds occasionally; stand or walk six hours in an eight-hour workday; and sit six hours in an eight-hour workday. AR 59.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

The ALJ found that Abad is able to perform his past relevant work as an assistant manager and store manager as generally performed.  AR 61.  Alternatively, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that he can perform such as customer service representative.  AR 62.

### C.   RFC Determination

The RFC determination measures the claimant's capacity to engage in basic work activities.  *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986).  The RFC is a determination of "the most [an individual] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a).  It is an administrative finding, not a medical opinion.  20 C.F.R. § 404.1527(e)(2).  The RFC takes into account both exertional limitations and non-exertional limitations.  The RFC must contain "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  SSR 96-8p.[2]  The ALJ must also explain how he or she resolved material inconsistencies or ambiguities in the record.  *Id.*  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted).

At step two of the sequential analysis, the ALJ found (and Abad does not dispute) that Abad does not have a mental impairment "that more than minimally limits his ability to perform mental work activities."  AR 55; JS 11.  The ALJ's finding was based on Abad's mild limitations in activities of daily living, social functioning and concentration, persistence and pace, and lack of any episodes of decompensation.  AR 55; 20 C.F.R. § 404.1520a(d)(1).

---

[2]  Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

Abad argues that the ALJ erred in failing to include the mild mental limitations she found at step two in the RFC assessment and hypothetical to the VE.  Social Security regulations provide that the ALJ will consider the combined impact of impairments throughout the disability process "without regard to whether any such impairment, if considered separately, would be of sufficient severity."  20 C.F.R. § 404.1523.

The ALJ's decision does not ignore Abad's mental impairment.  The ALJ noted that Abad testified he did not have any problems other than his back that affected his ability to work.  AR 44, 77-78.  The ALJ gave weight to the reports of the examining psychiatrist and state agency physicians.  AR 55; AR 49-50, 366-69, 370-83, 429-30. The examining psychiatrist, Dr. Aguilar, diagnosed a pain disorder with both psychological factors and general medical condition.  AR 49, 369.  Dr. Aguilar found that Abad's activities of daily living were mildly limited "due to physical problems," not a mental impairment.  AR 49, 369.  The only mental limitation Dr. Aguilar assessed was a mild limitation in Abad's ability to respond to changes in a routine work setting.  AR 49, 369, 429.  Abad was not limited in his ability to follow detailed instructions, interact with coworkers, supervisors and the public, or comply with job rules such as safety or attendance.  AR 49, 369.

As the Ninth Circuit has acknowledged, even a finding of a severe impairment does not necessarily "correspond to limitations on a claimant's ability to perform basic work activities."  *Bray v. Comm'r*, 554 F.3d 1219, 1229 (9th Cir. 2009).  Given Abad's testimony and the opinion evidence in the record, the ALJ could reasonably find that Abad's RFC did not have any significant mental functional limitations.  In addition, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

Abad cites an unpublished decision, *Hutton v. Astrue*, 491 Fed. Appx. 850 (9th Cir. 2012).  The ALJ in that case found that the claimant's post traumatic stress disorder (PTSD) was not severe at step two of the sequential analysis.  In determining the

claimant's RFC, the ALJ "excluded [] PTSD from consideration" after finding that the claimant's lack of credibility rendered his claim of PTSD "in 'great doubt.'" *Id.* at 850. The court found that the ALJ should have considered the claimant's mild mental limitations in the RFC assessment "regardless of whether the ALJ doubted that they were caused by [the claimant's] every-shifting military history." *Id.* at 851.

*Hutton* is distinguishable from this case. Significantly, in contrast to *Hutton*, Abad testified that the only problems affecting his ability to work were his back problems. AR 77-78. There is no indication the ALJ excluded consideration of Abad's mental impairment. The ALJ did not err.

IV.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: December 18, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge